**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| BREE SMITH FRIEDRICHS, <br><br> Plaintiff, <br><br> v. <br><br> SCRIPPS MEDIA, INC. d/b/a WTVF NEWSCHANNEL 5, <br><br> Defendant. | Case No. _____ <br><br><br><br> COMPLAINT <br><br> JURY DEMAND |

## <u>INTRODUCTION</u>

1.     Plaintiff Bree Smith Friedrichs ("Ms. Friedrichs"), having within 90 days received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), brings this action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA"); and Tennessee common law, against Scripps Media, Inc. ("Scripps") d/b/a WTVF NewsChannel 5 ("NewsChannel 5" or "Defendant") concerning NewsChannel 5's continuing policy, pattern, and practice of gender discrimination.[1]

2.     Ms. Friedrichs, known professionally as Bree Smith, joined NewsChannel 5 in 2016 as an experienced broadcast meteorologist and worked there until January 2025, when she could no longer tolerate the effects of NewsChannel 5's culture of sexism, harassment, and retaliation and felt compelled to decline a contract extension. During that time, she served as a chief meteorologist in all but name—she co-wrote the weather team's coverage schedule and oversaw coverage of severe weather events. On October 13, 2022, she was voted "Best TV News

---

[1] A copy of the EEOC Notice of Right to Sue letter is attached to this Complaint as Exhibit 1.

Personality" by readers of the *Nashville Scene*.

3.     Despite Ms. Friedrichs' consistently excellent performance in her position, NewsChannel 5 subjected her and other women to sexist verbal abuse from their male coworker Henry Rothenberg and demeaning physical objectification from station leadership. NewsChannel 5 ordered Ms. Friedrichs to work additional hours and denied her legitimate leave requests, forcing her to cover for the unexplained absences and professional shortcomings of male colleagues.

4.     When Ms. Friedrichs spoke up to station leadership on behalf of herself and other female employees about these issues, she was promised an impartial, third-party investigation. Instead, NewsChannel 5 conducted a sham investigation through a Scripps employee, stripped Ms. Friedrichs of managerial responsibilities, and increased her in-office time requirements in retaliation. Mr. Rothenberg suffered no adverse consequences for his behavior and, indeed, appeared to be rewarded for it.

5.     Years of persevering through a hostile and debasing work environment—and facing retaliation for speaking up on behalf of herself and others—took a heavy toll on Ms. Friedrichs, whose mental and physical health declined as a result of the discriminatory culture allowed by NewsChannel 5 management. When NewsChannel 5 failed to do anything to address threatening, anonymous "deepfake" sexual images of Ms. Friedrichs and scammers who used her likeness to defraud the station's viewers, it was the last straw. Because she could no longer withstand the harmful effects of her work environment, Ms. Friedrichs declined to renew her contract with NewsChannel 5 in January 2025.

## THE PARTIES

### A.  Plaintiff Bree Smith Friedrichs

6.     Ms. Friedrichs is a female citizen of the United States who resides in

Hendersonville, Tennessee.

7.      Ms. Friedrichs was employed by NewsChannel 5 from January 11, 2016, to January 12, 2025 in Nashville, Tennessee.

**B. Defendant Scripps Media, Inc.**

8.      Defendant Scripps is a corporation organized and existing under the laws of Delaware, with its principal place of business located in Cincinnati, Ohio. Scripps owns, operates, and does business as "NewsChannel 5" in the Middle Tennessee media market.

9.      During all relevant times, Defendant was Ms. Friedrichs' employer within the meaning of all applicable statutes.

10.      During all relevant times, Defendant employed more than five hundred people.

## JURISDICTION AND VENUE

11.      This Court has original subject matter jurisdiction over Title VII claims pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States.

12.      In addition, this Court has supplemental jurisdiction over the THRA and Tennessee common law claims because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

13.      Venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391 because a substantial portion of the events that gave rise to Ms. Friedrichs' claims occurred in this District, including NewsChannel 5's alleged unlawful employment practices. This Court has personal jurisdiction over NewsChannel 5 because it maintains offices in this District, does business in this District, and many of the acts complained of and giving rise to Ms. Friedrichs' claims occurred in this District.

14.     On March 31, 2025, Ms. Friedrichs timely filed a Charge of Discrimination (the "Charge") jointly with the Tennessee Human Rights Commission and EEOC, alleging violations of Title VII and the THRA.

15.     The Charge was based on the same facts that gave rise to the claims in this Complaint.  On September 29, 2025, Ms. Friedrichs received a Notice of Right to Sue from the EEOC, which is attached to this Amended Complaint as Exhibit 1 and incorporated herein.  The Amended Complaint was thus filed within 90 days of receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

16.     Ms. Friedrichs joined NewsChannel 5 in 2016 as an experienced broadcast meteorologist. She earned her meteorology degree with honors, began broadcasting in Baton Rouge and spent five years on-air in St. Louis, earning a Weathercast Certificate of Merit from the Missouri Broadcasters Association in 2015. On October 13, 2022, she was named "Best TV News Personality" by readers of the *Nashville Scene*.

17.     Ms. Friedrichs' popularity with NewsChannel 5 viewers was matched by her leadership within the weather team. Beginning in 2016, she co-wrote the team's staffing schedule and frequently led NewsChannel 5's coverage of severe weather events, which often required long hours both on- and off-camera to monitor dangerous storms moving across the Southeast.

18.     The value of Ms. Friedrichs' work for viewers remains clear even after her departure from NewsChannel 5: Views of Ms. Friedrichs' Facebook page rose from 1.3 million in December 2024 to over 10 million by August of 2025.

### A. NewsChannel 5 maintained a hostile work environment in which a male employee's vulgar, sexist language went unaddressed for years.

19.     Unfortunately, NewsChannel 5 chose to enforce a pattern and practice of gender-based discrimination that undermined Ms. Friedrichs' professional acumen. From the first year of

her employment until her departure in January 2025, NewsChannel 5 allowed a less-qualified male employee, Henry Rothenberg, to direct obscene behavior toward Ms. Friedrichs. Despite repeated reports of Rothenberg's conduct, the station failed to intervene as both law and internal policy required.

20.     In early 2017, Mr. Rothenberg told Ms. Friedrichs that, "You only got your job because of your tits." Ms. Friedrichs immediately went to NewsChannel 5 manager Michelle Bonnett to report the comment, but no action was taken. Ms. Bonnett repeatedly said she just "needs a warm body in the building," and on one occasion said NewsChannel 5 could not hire "another Henry."

21.     In the same year, when Ms. Friedrichs appeared distraught over the sudden death of a close friend's one-year-old baby, Mr. Rothenberg commented that Ms. Friedrichs' own pregnancy was the reason she was "so emotional." Mr. Rothenberg also interfered with Ms. Friedrichs' ability to co-write the weather schedule by providing incorrect information to a mutual colleague.

22.     In 2019, Mr. Rothenberg repeatedly told multiple female colleagues, including a NewsChannel 5 manager, "I won't hit a woman, but I will hit a bitch," and called multiple women "bitch" to their faces, both privately and in the presence of other industry professionals.

23.     Ms. Friedrichs reported Mr. Rothenberg to NewsChannel 5's Human Resources Department ("HR") for the first time in 2019. After management spoke to Mr. Rothenberg, he went to various employees around the newsroom telling them that he would find out who had reported him, implying that he would retaliate against anyone who had done so.

24.     In July 2022, Mr. Rothenberg called a female colleague a "bimbo" on a hot microphone and later said he would "push her off a cliff" but for her "floatation devices," i.e.,

breasts. Around the same time, he sabotaged weather graphics that Ms. Friedrichs had prepared for use during broadcast. Ms. Friedrichs again reported him to HR, telling NewsChannel 5 managers that Mr. Rothenberg regularly arrived late to his shifts, left early, and consistently failed to execute his daily responsibilities, leaving Ms. Friedrichs to complete the essential tasks.

25.     Ms. Friedrichs became aware of many of the incidents above after multiple fellow female NewsChannel 5 employees approached her confidentially for help dealing with Mr. Rothenberg and the sexually discriminatory and violent atmosphere he created—and NewsChannel 5 tolerated.

**B. NewsChannel 5 increased Ms. Friedrichs' workload and hours to compensate for the failures and absences of male colleagues.**

26.     Beginning in 2020 and 2021, NewsChannel 5 added more and more job duties to Ms. Friedrichs' plate without providing requisite support. In addition to co-writing the weather team's schedule, Ms. Friedrichs helped NewsChannel 5 management recruit another female meteorologist from out of state, resulting in Ms. Friedrichs leading a five-person team that included Mr. Rothenberg. From that point until Ms. Friedrichs' departure in January 2025, Mr. Rothenberg—who has made numerous, failed attempts to obtain the American Meteorological Society and National Weather Association credentials that Ms. Friedrichs holds—displayed a consistently condescending attitude toward her leadership. He frequently interrupted her, ignored her instructions during demanding severe-weather broadcasts, and generally resisted her efforts to coordinate the weather team. Ms. Friedrichs asked management for more help as a result of Mr. Rothenberg's sexist insubordination, but received none. She began to experience tightness in her chest as a result of the mounting stress.

27.     NewsChannel 5 not only failed to discipline male employees engaged in sexual harassment—it held those men to a lower standard across the board and demanded that women

pick up the slack. In August 2023, a male colleague slept through his evening broadcast and compromised Ms. Friedrichs' ability to warn viewers of approaching severe weather. That incident, which Ms. Friedrichs brought to Ms. Bonnett's attention, was the first of numerous instances of that male colleague oversleeping, showing up late for newscasts, or failing to return to work when expected. He faced no consequences—and continued to receive a higher salary than his female counterparts, who bore more responsibilities and performed their job duties with excellence.

28.     During a deadly March 3, 2020 tornado, Mr. Rothenberg was the only member of the weather team not working overtime, because he lacked the basic ability to monitor weather radar. As Ms. Friedrichs struggled to continue coverage using computers and monitors that were malfunctioning due to the storm, which passed several hundred yards from the station, Mr. Rothenberg left the studio and was gone for *two days* without explanation. Ms. Friedrichs continued broadcasting until 5 a.m.—working on-air for 16 straight hours. In March 2023, Mr. Rothenberg was found lying on the floor crying during a severe weather broadcast. The station called Ms. Friedrichs while she was on a family vacation in St. Louis, and she had to attempt to broadcast weather alerts from a hotel room, using only her cell phone.

29.     NewsChannel 5 permitted Mr. Rothenberg to repeatedly lie about family emergencies and call in sick at such times that he would force a female colleague to cover his shifts. On one occasion, he lied about his father dying—then sent colleagues including Ms. Friedrichs a photo of himself enjoying whiskey on the couch with his father, who was not hospitalized. In contrast, when Ms. Friedrichs alerted management on December 22, 2021, that she was positive for COVID, she was required to broadcast for 12 hours a day from her basement while Mr. Rothenberg—also sick with COVID—was not required to work.

**C.  NewsChannel 5 subjected women to onerous and unequal physical scrutiny but failed to protect their physical or psychological safety.**

30.    Ms. Friedrichs and her female colleagues were, up to and including the time of her departure, disproportionately scrutinized in regard to their conduct and physical appearance. She and other women at NewsChannel 5 were required to wear fake eyelashes and to meet with style consultant Patti Shyne, who took them on shopping trips during which Shyne criticized and discussed the women's bodies inappropriately. During these trips, News Director Sandy Boonstra would follow Ms. Friedrichs and other women employees into the dressing room area and request that they show Ms. Boonstra what they'd been instructed to try on. Ms. Friedrichs found the encounters with Ms. Shyne so demeaning that she began to cry during one such session. She shared this with Ms. Boonstra and requested not to have future sessions with Ms. Shyne, but that request was denied, and she was required to have a make-up consultation that same day. Male employees were not required to go shopping with Ms. Shyne.

31.    NewsChannel 5's interest in women's bodies did not, however, extend to their physical health or safety. Early in 2024, Ms. Friedrichs—a longtime asthma patient—suffered a three-month respiratory illness after deep cleaning of pipes in the studio dirtied the air. Her doctor recommended that she work in a facility with better air quality. Ms. Friedrichs requested a comparatively affordable $600 HEPA air filter for the studio but that request that was denied, even while NewsChannel 5 and Scripps completed a million-dollar renovation to their building.

**D.  NewsChannel 5 falsely assured Ms. Friedrichs that it would respond to future instances of sexual harassment with "100-percent zero tolerance."**

32.    Over the last several years and up to her separation from NewsChannel 5, Ms. Friedrichs repeatedly spoke with NewsChannel 5 management to advocate for herself and other women trying to navigate the gender-biased environment at NewsChannel 5. She hoped that management would act to remedy the hostile work environment, which would allow her to

continue working in a job she otherwise loved.

33. In July 2022, after multiple complaints, Ms. Boonstra and Ms. Bonnett assured Ms. Friedrichs that a "neutral third party" would investigate the sexual harassment complaints about Mr. Rothenberg. The investigator, Katie Ford, also assured Ms. Friedrichs that she was impartial.

34. In August, Ms. Ford informed Ms. Friedrichs that the investigation had concluded. Mr. Rothenberg would remain at NewsChannel 5, and Ms. Friedrichs was told that her "complacency in reporting" his offensive conduct somehow prevented management from disciplining him.

35. Ms. Friedrichs later learned that Ms. Ford was in fact a Scripps employee.

36. In an August 17, 2022, discussion with Ms. Friedrichs and Ms. Boonstra, NewsChannel 5 Vice President and General Manager Lyn Plantinga corroborated Ford's account that Rothenberg only received a "disciplinary letter" as a result of the investigation, even as she described Rothenberg's conduct toward Ms. Friedrichs and another woman employee as "hugely distressing" and "absolutely terrible." Plantinga admitted that there "were some opportunities earlier that things could have been handled differently," and specifically admitted that at least one previous complaint had been made against Rothenberg, after which Rothenberg had improperly sought the identity of the complainant. Ms. Plantinga gave Ms. Friedrichs numerous false assurances that NewsChannel 5 management would take a "100-percent zero tolerance" approach to future sexual harassment by Mr. Rothenberg, telling her at various points in the conversation:

> "We gotta have a very, very short rope for this kind of nonsense."

> "This is the end of these conversations that we'll have at NewsChannel 5, because we're at the end of the road on any tolerance for anything that is not professional and appropriate."

"When a building is on fire, I'm not gonna get picky about who yells fire."

"You have either been subjected to the last inappropriate comment from Henry or the second to last. I don't know which one—that's up to him, it's not up to me. But I'm done with it."

"We're at the end of the road for this. We're protecting her [the other woman employee], we're protecting you from any other thing like this moving forward. And we're gonna be aggressive about it. And I think the situation calls for being aggressive."

"Moving forward, it is 100-percent zero tolerance."

37.     Tellingly, when Ms. Friedrichs responded that the lack of disciplinary action taken by NewsChannel 5 left her feeling unsafe and "like bait" for further abuse from Mr. Rothenberg, Ms. Plantinga offered no specifics on how the "100-percent zero tolerance" approach would be enforced. Instead, she advised that if and when Ms. Friedrichs was subjected to Mr. Rothenberg's sexual harassment in the future, she should, "Call me, and you're going to have to trust that that phone call is gonna settle it." Ms. Friedrichs reasonably understood Ms. Plantinga's instruction as discouraging her from reporting future harassment to Scripps' corporate offices. Despite imposing no consequences on Mr. Rothenberg and citing no reason his behavior might improve, Ms. Plantinga instructed Ms. Friedrichs that "All of us have to open our minds to the idea that maybe we get a changed man."

38.     In a separate conversation, NewsChannel 5 management also advised the other woman employee involved in that incident not to discuss future incidents involving Mr. Rothenberg with Ms. Friedrichs or with Scripps' corporate offices, but instead to report them only to station management.

39.     NewsChannel 5's biased internal investigation not only failed to remediate the abuse its women employees were facing but was used by management to chill further discussion of past or future abuse.

**E.  NewsChannel 5 Unlawfully Retaliated Against Ms. Friedrichs.**

40.     When Ms. Friedrichs reported the sex discrimination against her and other female employees that was rampant at the station, she was retaliated against or threatened with retaliation—both by management and by Mr. Rothenberg.

41.     In the wake of Ms. Ford's investigation, management subjected Ms. Friedrichs to heightened and retaliatory scrutiny. Her team scheduling responsibilities were taken away; she was required each Thursday night to submit a detailed written agenda for the community engagement work she performed each Friday, as well as a Friday-night email listing the work she had completed. In October 2022, Ms. Boonstra and Ms. Bonnett took Ms. Friedrichs to lunch and told her that everyone on the weather team "needed to assume the best of one another." Because they did not have similar conversations with any other members of the team, Ms. Friedrichs took their words as singling her out to discourage any future complaints. Within a few months, her community engagement role was taken away from her altogether.

42.     In 2023, shortly after Ms. Friedrichs' community engagement role was taken, NewsChannel 5 named Mr. Rothenberg to lead the station's Diversity, Equity and Inclusion (DEI) program—sending a crystal-clear message to every woman at the station that sexist behavior like his would be both tolerated and rewarded.

43.     Over the years, Mr. Rothenberg implied that he would personally retaliate against anyone who reported him to Human Resources. Ms. Plantinga admitted during the August 17, 2022 meeting with Ms. Friedrichs and Ms. Boonstra that she was aware he had attempted to

identify a previous complainant against him at NewsChannel 5. Mr. Rothenberg also warned one woman colleague that he had shared certain personal information only with her, so that if the information came up in a future HR complaint, he would know she had reported him. Management consistently rewarded his behavior, paying to send him as station representative to the multiple weather conferences, including the same conference where he had in 2019 called a female coworker a "bitch."

44. NewsChannel 5's continuous failure to remediate Mr. Rothenberg's behavior transformed the station's discriminatory environment from a problem Ms. Friedrichs hoped to solve into a permanent and unlawful condition of her employment.

**F. NewsChannel 5 Refused to Intervene When Ms. Friedrichs Was Harassed with "Deepfake" Images.**

45. On October 22, 2024, a viewer identifying himself as "Mike Brenneman" emailed Ms. Friedrichs, purporting to warn her that "deepfake" images of her were circulating online. Attached to the email were several sexually suggestive photographs, digitally altered to include Ms. Friedrichs' face in violation of federal law,[2] and a digitally rendered video depicting Ms. Friedrichs in the NewsChannel 5 studio saying, "Yes dear it is me; it is really me." The viewer also included screenshot images of an online profile and contact card purporting to belong to Ms. Friedrichs.

46. Ms. Friedrichs received three more emails from "Mike Brenneman" between October 23 and October 24, 2024. The tone of Brenneman's messages became sexually suggestive, noting that he had a "crush" on Friedrichs and even suggesting the two meet at a hotel. On October 24, Ms. Friedrichs forwarded the Brenneman emails to Ms. Boonstra, Ms. Bonnett, Ms. Plantinga,

---

[2] As of July 1, 2025, after the enactment of a law Ms. Friedrichs advocated for, the creation and transmission of sexual "deepfake" images is illegal under Tennessee law. Tenn. Code Ann. § 47-25-1101.

and Station Manager Richard Eller, saying she felt "uncomfortable" and asking, "Is there anything we can do to shut this account down? I don't want fake pictures circulating like this. It all feels very violating."

47.     Meanwhile, Ms. Friedrichs' doctor insisted she take short-term disability leave due to worsening depression, anxiety, and insomnia, noting that she had experienced sexual harassment and a stressful work environment.

48.     When Ms. Plantinga asked Ms. Friedrichs what action she would like taken, Ms. Friedrichs in an October 27, 2024 email requested that the Scripps legal department be consulted to see if any legal recourse was available. Station Manager Richard Eller agreed to meet with her, although that meeting never occurred. On October 28, 2024, per her doctor's instructions, Ms. Friedrichs filed for medical leave to begin on October 31.

49.     In an October 29, 2024 conversation about Ms. Friedrichs' stress-related FMLA leave, Ms. Friedrichs reiterated to Ms. Bonnett that she was "super uncomfortable" about the deepfake images and "would really like to see if there's more that we can do." Ms. Bonnett—who is not an attorney—advised Ms. Friedrichs that "I can tell you there is not, from a legal perspective there's just not. It doesn't exist. … The laws have not caught up with the technology."

50.     Ms. Bonnett told Ms. Friedrichs that she did not find the images—two "selfie"-style photos of women in lingerie with Ms. Friedrichs' face digitally superimposed onto them and one "deepfake" video of Ms. Friedrichs in the NewsChannel 5 studio with her voice and face digitally imitated—to be "recognizable" as images of Ms. Friedrichs. The response struck Ms. Friedrichs as an unreasonable and trivializing way to view the misappropriation of her likeness.

51.     Ms. Bonnett advised Ms. Friedrichs not to "let it get in your head, because you're already kind of maybe in a more sensitive place;" and further advised that "Sometimes when we

get to a place where we're already emotional about 50 other things, that things maybe seem bigger than they are." Ms. Bonnett suggested they "block the guy" but repeated, with no attorneys in the room, that "it's very similar to some of the death threats and different things that Phil's [investigative reporter Phil Williams] had out there, not sexual but just awful stuff, and so we've gone down the road of what's actionable and what's not and the law's just not caught up with the technology yet." Ms. Bonnett elaborated that NewsChannel 5 had "spent months with the Phil stuff and it was incredibly blatant … and still, legally, there's just nothing, there's no sort of cease and desist under sort of this realm, all of that just doesn't exist yet." Ms. Bonnett's only advice was, "We don't engage the crazy, and then they'll go away, and we'll block the ones that don't go away."

52.    NewsChannel 5 and Scripps effectively ignored Ms. Friedrichs' prompt and repeated requests for assistance. Mr. Eller and Ms. Friedrichs did not communicate again before her leave began on October 31, and to her knowledge, her request to involve the station's legal department in the "deepfake" issue was never pursued.

53.    It was now clear to Ms. Friedrichs that whether it was Mr. Rothenberg's behavior, the sessions with Patti Shyne, Scripps' 2022 "investigation," or online harassment, NewsChannel 5 was not going to intervene to protect her or other women from discriminatory work conditions. The only way for Ms. Friedrichs to find relief would be to resign her position, which she did in January 2025.

**G.  NewsChannel 5's Unlawful Conduct Caused Injury to Ms. Friedrichs.**

54.    NewsChannel 5's actions—including but not limited to subjecting Ms. Friedrichs to verbal abuse and bodily objectification, imposing unequal scheduling demands upon her in comparison to male colleagues, and failing to remediate abusive behavior and rewarding the abuser—were intended to and did cause Ms. Friedrichs severe emotional distress.

55.     NewsChannel 5 engaged in a continuing course of gender-based discriminatory conduct beginning in 2017 when Ms. Friedrichs first reported Mr. Rothenberg's conduct to Ms. Bonnett, and continuing through the years as the station chose not to act upon that complaint, nor upon Ms. Friedrichs' subsequent complaints to Ms. Bonnett and Ms. Boonstra, and to Human Resources beginning in 2019. NewsChannel 5 in 2022 chose to deny Ms. Friedrichs the unbiased sexual harassment investigation it promised her, and directed her and at least one other woman employee not to discuss sexual harassment or report sexual harassment to NewsChannel 5's parent company, Scripps. With that discrimination still ongoing, NewsChannel 5 in 2024 refused to intervene when Ms. Friedrichs was made the subject of sexually suggestive "deepfake" images in violation of federal law, and offered her questionable and unlicensed legal advice about that situation through the person of Ms. Bonnett. These actions were not isolated incidents, but component parts of a persistent hostile work environment that altered the terms and conditions of Ms. Friedrichs' employment at NewsChannel 5. At least one of the acts contributing to that hostile work environment took place within the 300 days preceding Ms. Friedrich's EEOC charge, thus rendering the entire course of NewsChannel 5's unlawful conduct timely under Title VII.

56.     NewsChannel 5's years of countenancing and tolerating discrimination caused Ms. Friedrichs stress and anxiety, physical illness, humiliation, damage to a hard-earned professional reputation, and other harms.

57.     Ms. Friedrichs has also lost substantial income and other privileges and benefits of employment.

58.     These harms were only exacerbated by NewsChannel 5's sham internal investigation and insistence that Ms. Friedrichs stop discussing the discriminatory behavior she and other women encountered.

59. NewsChannel 5 acted willfully or with reckless indifference to Ms. Friedrichs' right to work in an environment free from discrimination and retaliation.

60. To the extent that NewsChannel 5 intentionally falsified, destroyed, or concealed records containing material evidence with the purpose of wrongfully evading liability in this case, the limitation on punitive damages codified at Tennessee Code § 29-39-104 should not apply.

61. Ms. Friedrichs has alleged injuries compensable through punitive damages that exceed the limitation codified at Tennessee Code § 29-39-104.

62. The limitation on punitive damages codified at Tennessee Code § 29-39-104 violates Ms. Friedrichs' "inviolate" right to a jury trial, as guaranteed by Article 1, § 6 of the Tennessee Constitution.

63. The limitation on punitive damages codified at Tennessee Code § 29-39-104 also violates the separation of powers mandated by Article II, §§ 1-2 of the Tennessee Constitution.

64. The limitation on punitive damages codified at Tennessee Code § 29-39-104 also violates Ms. Friedrichs' fundamental right to a full remedy, as guaranteed by Article 1, § 17 of the Tennessee Constitution.

## **CAUSES OF ACTION**

### **FIRST CLAIM FOR RELIEF**
**Intentional Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended)**

65. Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

66. Ms. Friedrichs filed timely charges with the EEOC and received a Notice of Right to Sue on September 29, 2025, thus exhausting her administrative remedies.

67. NewsChannel 5 engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its female employees, including Ms. Friedrichs. NewsChannel 5 intentionally discriminated against Ms. Friedrichs in violation of Title VII by,

among other things:

a. subjecting Ms. Friedrichs to sexist language and behavior from a male colleague as a condition of her employment;

b. subjecting Ms. Friedrichs to demeaning and unequal scrutiny of her physical appearance;

c. requiring Ms. Friedrichs to work grueling hours and under difficult conditions to cover for the incompetence and/or absences of male colleagues;

d. failing to take meaningful action to protect Ms. Friedrichs from obscene and defamatory "deepfake" images;

e. failing to take reasonable and adequate steps to prevent and correct Ms. Friedrichs' complaints of gender discrimination;

f. taking away job responsibilities and imposing new work requirements after Ms. Friedrichs complained of gender discrimination.

68. Ms. Friedrichs believes and alleges that NewsChannel 5 discriminated against Ms. Friedrichs through other acts, of which Ms. Friedrichs is presently unaware and which will be shown in the course of discovery.

69. The discriminatory acts that constitute NewsChannel 5's pattern and/or practice of gender discrimination have occurred both within and outside the liability period in this case.

70. As a direct result of NewsChannel 5's discriminatory policies and/or practices as described above, Ms. Friedrichs suffered damages including, but not limited to, the ability to work in an environment free of discrimination, extreme emotional distress, lost past and future income, compensation, and other benefits of employment.

71. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. § 2000e et seq.

72. Ms. Friedrichs requests relief as hereinafter described.

**<u>SECOND CLAIM FOR RELIEF</u>**

73.    Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

74.    Ms. Friedrichs timely filed a charge with the EEOC alleging retaliation claims and received a Notice of Right to Sue on September 29, 2025, thus exhausting her administrative remedies.

75.    Ms. Friedrichs engaged in protected activities, including making internal complaints of unlawful discrimination and participating in an EEO process by, among other things, supporting or serving as a witness for other employees complaining of discriminatory treatment.

76.    NewsChannel 5 took adverse actions against Ms. Friedrichs with the purpose of retaliating against her because of her participation in protected activities, including:

    a.  reducing Ms. Friedrichs' role and influence at NewsChannel 5;

    b.  discontinuing Ms. Friedrichs' role in co-writing the weather team schedule and in coordinating community events;

    c.  imposing new work and scheduling requirements on Ms. Friedrichs;

    d.  advising her not to engage further in protected activities.

77.    Ms. Friedrichs suffered damages as a result of this retaliatory conduct including, but not limited to, lost past and future income, compensation, other benefits of employment, and extreme emotional distress.

78.    Ms. Friedrichs requests relief as hereinafter described.

**THIRD CLAIM FOR RELIEF**
**Constructive Discharge**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*)**

79.    Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

80.    NewsChannel 5 intentionally or knowingly caused and/or permitted Ms. Friedrichs' working conditions to be objectively intolerable such that a reasonable person would feel compelled to resign their employment.

81.    The intolerable conditions caused and/or permitted by NewsChannel 5 stemmed

from sex-based harassment, discrimination, and/or retaliation which itself violated Title VII of the Civil Rights Act of 1964.

82. The objectively intolerable working conditions created and/or permitted by NewsChannel 5 caused Ms. Friedrichs to resign her employment at NewsChannel 5.

83. These working conditions include, but are not limited to:

    a. subjecting Ms. Friedrichs to obscene, sexist, and abusive behavior by a male colleague as an ongoing condition of her employment;

    b. requiring Ms. Friedrichs to work unscheduled and/or extremely long hours to cover shortfalls caused by male colleagues' incompetence and/or absences;

    c. denying legitimate leave requests and/or sick leave requests while granting same to male colleagues;

    d. subjecting Ms. Friedrichs to unwarranted and degrading scrutiny of her physical appearance;

    e. failing to act to protect Ms. Friedrichs from harmful and defamatory "deepfake" images;

    f. constructively denying Ms. Friedrichs' request for investigation and remediation of discriminatory practices.

84. As a direct and proximate result of NewsChannel 5's wrongful conduct, Ms. Friedrichs has sustained and will continue to sustain damages including, but not limited to, lost past and future income, compensation, other benefits of employment, mental anguish, and extreme emotional distress.

85. Ms. Friedrichs requests relief as described herein.

**FOURTH CLAIM FOR RELIEF**
**Intentional Gender Discrimination**

**(Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*)**

86.     Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

87.     NewsChannel 5 engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its female employees, including Ms. Friedrichs. NewsChannel 5 intentionally discriminated against Ms. Friedrichs in violation of the THRA by, among other things:

   a.   subjecting Ms. Friedrichs to sexist language and behavior from a male colleague as a condition of her employment;

   b.   subjecting Ms. Friedrichs and other women to demeaning and unequal scrutiny of her physical appearance;

   c.   requiring Ms. Friedrichs to work grueling hours and under difficult conditions to cover for the incompetence and/or absences of male colleagues;

   d.   failing to take meaningful action to protect Ms. Friedrichs from obscene and defamatory "deepfake" images;

   e.   failing to take reasonable and adequate steps to prevent and correct Ms. Friedrichs' complaints of gender discrimination;

   f.   taking away job responsibilities and imposing new work requirements after Ms. Friedrichs complained of gender discrimination.

88.     Ms. Friedrichs believes and alleges that NewsChannel 5 discriminated against Ms. Friedrichs through other acts, of which Ms. Friedrichs is presently unaware and which will be shown in the course of discovery.

89.     The discriminatory acts that constitute NewsChannel 5's pattern and/or practice of gender discrimination have been based in and emanated from within the State of Tennessee, and have occurred both within and outside the liability period in this case.

90.     As a direct result of NewsChannel 5's discriminatory policies and/or practices as described above, Ms. Friedrichs suffered damages including, but not limited to, the ability to work

in an environment free of discrimination, extreme emotional distress, lost past and future income, compensation, and other benefits of employment.

91.     The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the THRA.

92.     Ms. Friedrichs requests relief as hereinafter described.

### FIFTH CLAIM FOR RELIEF
#### Retaliation
#### (Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*)

93.     Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

94.     Ms. Friedrichs engaged in protected activities, including making internal complaints of unlawful discrimination and participating in an EEO process by, among other things, supporting or serving as a witness for other employees complaining of discriminatory treatment.

95.     NewsChannel 5 took adverse actions against Ms. Friedrichs with the purpose of retaliating against her because of her participation in protected activities during the liability period in the State of Tennessee, including:

    a.  reducing Ms. Friedrichs' role and influence at NewsChannel 5;

    b.  discontinuing Ms. Friedrichs' role in co-writing the weather team schedule and in coordinating community events;

    c.  imposing new work and scheduling requirements on Ms. Friedrichs;

    d.  advising her not to engage further in protected activities.

96.     Ms. Friedrichs suffered damages in the State of Tennessee as a result of this retaliatory conduct including, but not limited to, lost past and future income, compensation, other benefits of employment, and extreme emotional distress.

97.     Ms. Friedrichs requests relief as described herein.

### SIXTH CLAIM FOR RELIEF

## Hostile Work Environment
### (Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*)

98.     Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

99.     NewsChannel 5 subjected Ms. Friedrichs to pervasive hostility on the basis of her sex, which increased in severity after Ms. Friedrichs complained of discrimination at NewsChannel 5.

100.    NewsChannel 5's conduct toward Ms. Friedrichs had the purpose or effect of creating an intimidating, hostile, and offensive working environment.

101.    Ms. Friedrichs was treated with hostility by members of the NewsChannel 5 management team, who took no action to correct their own behavior once they became aware of Ms. Friedrichs' concerns regarding gender discrimination.

102.    Ms. Friedrichs suffered damages in the State of Tennessee as a result of this hostile work environment, including but not limited to extreme emotional distress.

103.    Ms. Friedrichs requests relief as described herein.

## SEVENTH CLAIM FOR RELIEF
### Constructive Discharge
### (Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*)

104.    Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

105.    NewsChannel 5 intentionally or knowingly caused and/or permitted Ms. Friedrichs' working conditions to be objectively intolerable such that a reasonable person would feel compelled to resign their employment.

106.    The intolerable conditions caused and/or permitted by NewsChannel 5 stemmed from sex-based harassment, discrimination, and/or retaliation which itself violated the Tennessee Human Rights Act.

107.    The objectively intolerable working conditions created and/or permitted by NewsChannel 5 caused Ms. Friedrichs to resign her employment at NewsChannel 5.

108.    These working conditions include, but are not limited to:

   a.   subjecting Ms. Friedrichs to obscene, sexist, and abusive behavior by a male

colleague as an ongoing condition of her employment;

b. requiring Ms. Friedrichs to work unscheduled and/or extremely long hours to cover shortfalls caused by male colleagues' incompetence and/or absences;

c. denying legitimate leave requests and/or sick leave requests while granting same to male colleagues;

d. subjecting Ms. Friedrichs to unwarranted and degrading scrutiny of her physical appearance;

e. failing to act to protect Ms. Friedrichs from harmful and defamatory "deepfake" images;

f. constructively denying Ms. Friedrichs' request for investigation and remediation of discriminatory practices.

109. As a direct and proximate result of NewsChannel 5's wrongful conduct, Ms. Friedrichs has sustained and will continue to sustain damages including, but not limited to, lost past and future income, compensation, other benefits of employment, mental anguish, and extreme emotional distress.

110. Ms. Friedrichs requests relief as described herein.

**EIGHTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**

111. Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

112. NewsChannel 5 acted intentionally or recklessly with regard to Ms. Friedrichs' employment rights and personal well-being, in a manner that was so outrageous in character, and so extreme in degree, as to be beyond the pale of decency.

113. This conduct includes, but is not limited to:

a. subjecting Ms. Friedrichs to obscene, sexist, and abusive behavior by a male colleague as an ongoing condition of her employment;

b. requiring Ms. Friedrichs to work unscheduled and/or extremely long hours

to cover shortfalls caused by male colleagues' incompetence and/or absences;

c. denying legitimate leave requests and/or sick leave requests while granting same to male colleagues;

d. subjecting Ms. Friedrichs to unwarranted and degrading scrutiny of her physical appearance;

e. failing to act to protect Ms. Friedrichs from harmful and defamatory "deepfake" images;

f. constructively denying Ms. Friedrichs' request for investigation and remediation of discriminatory practices.

114. As a direct and proximate result of NewsChannel 5's wrongful conduct, Ms. Friedrichs has sustained and will continue to sustain severe emotional distress, mental anguish, economic losses and other damages. Ms. Friedrichs is entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

115. Ms. Friedrichs requests relief as described herein.

## NINTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress

116. Ms. Friedrichs incorporates the preceding paragraphs as alleged above.

117. NewsChannel 5 acted carelessly and negligently regarding Ms. Friedrichs' right to work in an environment free from discrimination and retaliation.

118. This conduct includes, but is not limited to:

a. subjecting Ms. Friedrichs to obscene, sexist, and abusive behavior by a male colleague as an ongoing condition of her employment;

b. requiring Ms. Friedrichs to work unscheduled and/or extremely long hours to cover shortfalls caused by male colleagues' incompetence and/or absences;

c. denying legitimate leave requests and/or sick leave requests while granting

24

same to male colleagues;

    d.   subjecting Ms. Friedrichs to unwarranted and degrading scrutiny of her physical appearance;

    e.   failing to act to protect Ms. Friedrichs from harmful and defamatory "deepfake" images;

    f.   constructively denying Ms. Friedrichs' request for investigation and remediation of discriminatory practices.

119. As a direct and proximate result of NewsChannel 5's wrongful conduct, Ms. Friedrichs has sustained and will continue to sustain severe emotional distress, mental anguish, economic losses and other damages. Ms. Friedrichs is entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

120. Ms. Friedrichs requests relief as described herein.

## PRAYER FOR RELIEF

121. WHEREFORE, Ms. Friedrichs prays for relief as follows:

122. A declaratory judgment that the practices complained of herein are unlawful and violate Title VII and the THRA;

123. All damages sustained as a result of NewsChannel 5's conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

124. Exemplary and punitive damages in an amount commensurate with NewsChannel 5's ability to pay and to deter future conduct;

125. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

126. Pre-judgment and post-judgment interest, as provided by law; and

127. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Ms. Friedrichs demands a trial by jury of any and all issues in this action so triable of right.

Dated: December 29, 2025

Respectfully submitted,

John T. Spragens (BPR # 031445)
David O. Kieley (BPR # 031188) (application for admission forthcoming)
Spragens Law PLC
915 Rep. John Lewis Way South
Suite 100
Nashville, TN 37203
T: 615-983-8900
john@spragenslaw.com
dave@spragenslaw.com

*Attorneys for Plaintiff Bree Friedrichs*