# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **Bree Smith Friedrichs,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 3:25-cv-01494** |
| | ) | **Judge Eli J. Richardson** |
| **Scripps Media, Inc. d/b/a/ WTVF** | ) | **Magistrate Barbara D. Holmes** |
| **News Channel 5,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Scripps Media, Inc. d/b/a WTVF News Channel 5 ("Scripps"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submits this Motion to Dismiss Plaintiff's Amended Complaint. As explained below, Plaintiff's claims fail as a matter of law based on threshold procedural defects and her repeated failure to plead facts sufficient to state a plausible claim for relief.

First, Plaintiff's claims under Title VII of the Civil Rights Act ("Title VII") are untimely because her EEOC charge was filed more than 300 days after any alleged gender-based conduct or retaliatory act. Moreover, Plaintiff's Title VII and Tennessee Human Rights Act ("THRA") claims fail because she has not alleged facts that plausibly establish a claim upon which relief can be granted. Plaintiff's THRA claims are likewise barred by the applicable statute of limitations. Plaintiff's state law claims for intentional and negligent infliction of emotional distress are also untimely. Further her Amended Complaint does not contain facts sufficient to give rise to such claims, and, in any event, are precluded by the exclusivity provision of the Tennessee Workers' Compensation Act ("TWCA").

Plaintiff's constructive discharge claims are independently subject to dismissal for several reasons: 1) Plaintiff failed to exhaust her administrative remedies; 2) constructive discharge is not a standalone cause of action; and 3) even if it were, Plaintiff's Amended Complaint fails to plead facts

plausibly demonstrating that she was subjected to working conditions so objectively intolerable that a reasonable person in her position would have felt compelled to resign. Instead, Plaintiff merely repackages the same allegations underlying her discrimination, harassment, and retaliation claims, which is insufficient as a matter of law to state a claim for constructive discharge. Plaintiff of course has had a second bite at the apple but her attempt to cure the deficiencies identified in her original complaint through amendment fails. Plaintiff's amendments consist largely of an attempt to reframe the same conclusory allegations and fail to remedy the fundamental defects previously raised. Plaintiff's Amended Complaint still does not state a claim upon which relief can be granted.

For the reasons stated herein and Scripps' supporting memorandum of law filed contemporaneously herewith, Plaintiff's Amended Complaint against should be dismissed in its entirety.

Date: April 29, 2026

Respectfully submitted,

*s/Mary Dohner Smith*

Mary Dohner Smith, TN BPR #021451
mdohner@constangy.com
Rachael Rustmann, TN BPR #037432
rrustmann@constangy.com
**Constangy, Brooks, Smith & Prophete, LLP**
Highland Ridge 2
555 Marriott Drive, Suite 315
Nashville, TN 37214
Phone: (615) 340-3804

*Attorneys for Defendant Scripps Media, Inc. d/b/a WTVF News Channel 5*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court, who will send electronic notification of such filing to the following:

John T. Spragens
john@spragenslaw.com
David O. Kieley
dave@spragenslaw.com
Spragens Law PLC
915 Rep. John Lewis Way South
Suite 100
Nashville, TN 37203
(615) 983-8900

*s/ Mary Dohner Smith*
Mary Dohner Smith