## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **Bree Smith Friedrichs,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 3:25-cv-01494** |
| | ) | **Judge Eli J. Richardson** |
| **Scripps Media, Inc. d/b/a/ WTVF** | ) | **Magistrate Barbara D. Holmes** |
| **News Channel 5,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR LEAVE TO EXCEED PAGE LIMITS

Pursuant to Local Rule 7.01 (a)(4) of the United States District Court for the Middle District of Tennessee, Defendant Scripps Media, Inc. d/b/a WTVF News Channel 5, ("Defendant") respectfully seeks leave from the Court to extend the page limitations for its Reply in Support of its Motion to Dismiss.

As grounds for this Motion, Defendant states as follows:

1. On April 29, 2026, Defendant separately filed its Motion to Dismiss and Memorandum of Law in Support thereof. (Docs. 20 & 21). In accordance with this Court's Local Rules, Defendant's separately filed memorandum of law in support complied with the applicable twenty-five (25) page limitation. (Doc. 21).

2. On May 13, 2026, Plaintiff filed her twenty-nine (29) page Response in Opposition to Defendant's Motion to Dismiss[1] raising at least two additional legal theories not clearly articulated in the Amended Complaint, including waiver and equitable estoppel. (Doc. 24).

---

[1] While Plaintiff filed a motion for leave to file a responsive brief in excess of twenty-five (25) pages (Doc. 23), she failed to comply with Local Rule 7.01(a)(1). Plaintiff did not confer with defense counsel prior to filing her late night motion in which she ironically and wrongfully suggests Scripps failed to comply with Local Rule 7.01(a)(2). As reflected in the official record of the Court, Scripps filed its Motion to Dismiss and Memorandum separately, as expressly permitted. The Local Rule explicitly states that "No memorandum or combined Motion and Memorandum of Law shall exceed twenty-

3.      Defendant now seeks leave to file a reply memorandum not to exceed ten (10) pages, which is five (5) pages in excess of the standard five (5) page limitation applicable to reply briefs.

4.      Good cause exists for the requested relief because Plaintiff's response raises numerous arguments that require a fuller reply for the Court's proper consideration of the issues presented. The requested additional pages will permit Defendant to adequately address Plaintiff's arguments and assist the Court in resolving the pending Motion to Dismiss.

Pursuant to Local Rule 7.01 (a)(1) of the United States District Court for the Middle District of Tennessee, the undersigned counsel certifies that she has conferred with Plaintiff's counsel, and Plaintiff's counsel does not oppose the page extension request.

WHEREFORE, Defendant respectfully requests that the Court extend the page limit to ten (10) pages for Defendant's Reply in Support of its Motion to Dismiss.

Date: May 18, 2026

Respectfully submitted,

*s/Rachael Rustmann*
Mary Dohner Smith, TN BPR #021451
mdohner@constangy.com
Rachael Rustmann, TN BPR #037432
rrustmann@constangy.com
**Constangy, Brooks, Smith & Prophete, LLP**
Highland Ridge 2
555 Marriott Drive, Suite 315
Nashville, TN 37214
Phone: (615) 340-3804

*Attorneys for Defendant Scripps Media, Inc. d/b/a WTVF News Channel 5*

---

five (25) pages without leave of Court." L.R. 7.01(a)(2) (emphasis added). Scripps' memorandum did not exceed the page limit, and its separate motion merely mirrored the memorandum's introduction without adding substantive factual or legal argument. Plaintiff's attempt to manufacture a page-limit violation where none exists is disingenuous, as are her complaints regarding footnotes, which consisted primarily of citation string cites and complied with the applicable formatting requirements. Regardless, Scripps does not oppose Plaintiff's motion to exceed the page limitation but is requesting like consideration to be able to fully address Plaintiff's substantive albeit flawed arguments.

2

# **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 18th day of May, 2026, I electronically filed the foregoing DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS with the Clerk of the Court, which will send electronic notification of such filing to the following:

John T. Spragens
john@spragenslaw.com
David O. Kieley
dave@spragenslaw.com
Spragens Law PLC
915 Rep. John Lewis Way South
Suite 100
Nashville, TN 37203
(615) 983-8900

*s/ Rachael Rustmann*
Rachael Rustmann

3