# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| Bree Smith Friedrichs, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:25-cv-01494 |
| v. | ) | District Judge Eli J. Richardson |
| | ) | Magistrate Barbara D. Holmes |
| Scripps Media, Inc. d/b/a/ WTVF | ) | |
| News Channel 5, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff's response to Scripps' Motion to Dismiss Plaintiff's Amended Complaint does not provide any plausible basis to overcome dismissal. As an initial note, Plaintiff appears to concede dismissal of her retaliation and negligent infliction of emotional distress claims by failing to respond to Scripps' arguments. Rather, she doubled down on her untimely hostile work environment claims by referencing a plethora of inapplicable theories in an attempt to avoid the applicable statutes of limitations and her woefully flawed constructive discharge claims. Plaintiff's claims remain untimely and implausible.

Plaintiff's reliance on the continuing violation doctrine fails because she has not identified any discriminatory or harassing act by Mr. Rothenberg or any other Scripps employee within the applicable limitations period. The only event alleged by Plaintiff within that period involves third-party viewer emails, which Scripps promptly blocked. Plaintiff's attempt to bootstrap unrelated emails in 2024 to alleged pre-August 2022 conduct does not establish an ongoing hostile work environment or save her untimely claims. Plaintiff's own allegations likewise foreclose any plausible tolling theory. She specifically alleges that by August 2022, she was aware of the alleged harassing/discriminatory conduct at issue, complained about it and disagreed with Scripps' responsive actions. She further alleges she was informed at that time of prior concerns regarding Mr. Rothenberg. By Plaintiff's own account, she was aware of any alleged injury no later than August 2022, rendering tolling inapplicable.

Lastly Plaintiff still fails to plausibly allege severe or pervasive harassment or outrageous conduct. At most, Plaintiff's Amended Complaint alleges only sporadic inappropriate comments or workplace grievances before August 2022, and disagreement with Scripp's response to her complaint. Plaintiff's own allegations defeat employer liability and constructive discharge because she alleges Scripps investigated her complaint, issued corrective action, no further identified incidents of misconduct followed, and Plaintiff continued working for nearly two years before resigning.

# I. PLAINTIFF CONCEDES HER NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND RETALIATION CLAIMS ARE UNTIMELY

Scripps demonstrated that Plaintiff's retaliation claims are untimely because every alleged retaliatory act occurred no later than 2023, yet Plaintiff failed to provide any meaningful response. She identifies no retaliatory act within the applicable limitations period and cites no authority permitting stale retaliation claims to proceed under a continuing violation theory without an overt act by Scripps. *See Z Techs. Corp. v. Lubrizol Corp.*, 753 F.3d 594, 598 (6th Cir. 2014). Plaintiff likewise failed to respond to Scripps' arguments regarding her negligent infliction of emotional distress claim. Those omissions are dispositive, and both claims should be dismissed.

## II. PLAINTIFF FAILED TO IDENTIFY ANY TIMELY ACTIONABLE CONDUCT

Plaintiff vaguely references continuing harm and an allegedly ongoing hostile environment, but Title VII/THRA requires a timely unlawful employment practice, not continuing dissatisfaction with prior events. *See Jones v. City of Franklin*, 309 F. App'x. 938, 944 (6th Cir. 2009)(finding the plaintiffs' hostile-work environment claims are time-barred because there were no allegations made of specific incidents that occurred within the statutory period). The same is true for intentional infliction of emotional distress ("IIED") claims. Plaintiff's claims rise and fall on events occurring no later than August 2022, when, by her own allegations, she believed her co-worker harassed her, reported the conduct and other workplace grievances, knew Scripps investigated, and was advised corrective action was being taken.[1] ((Doc. 17, ¶¶ 33-36). Nothing about her alleged injury or Scripps' response was concealed from her, yet she identifies no discriminatory or harassing act attributable to Scripps or its employees within the applicable limitations period. The only alleged event occurring within that period involves third party viewer emails, which Scripps promptly addressed by blocking the sender. (*Id.*, ¶ 51). Plaintiff cannot bootstrap the 2024 third party viewer's emails with 2022 conduct by her co-

---

[1] Plaintiff specifically cites Mr. Rothenberg's pre August 2022 conduct as the basis for her IIED claim while attempting to boot strap it to her 2024 disability leave following the third party emails she received. (Doc, 24, pg. 21).

worker in order to create a continuing violation because the third party emails are unrelated and do not amount to a timely discriminatory/harassing act by Scripps. *See Tourangeau v. Nappi Distributors*, 648 F. Supp. 3d 133, 217 (D. Me. 2022)(holding *quid pro quo* harassment claim time-barred where the only alleged act within the limitations period was a sexual solicitation by a non-employee third party).[2] Plaintiff's assertion that any perceived slight, whether attributable to Scripps or a member of the public can establish a continuing violation is illogical and would effectively eliminate statutes of limitation by delaying accrual until an employee resigns or later discovers unrelated allegations involving the same individual, which is not the law. Absent a timely related act attributable to Scripps, Plaintiff cannot invoke the continuing violation doctrine to revive otherwise stale claims. *See Z Techs. Corp.*, 753 F.3d at 598 ("an *overt act* by the defendant is required to restart the statute of limitations.")(internal citation and quotations omitted).

## III PLAINTIFF FAILS TO PLAUSIBLY ALLEGE TOLLING

### A. Plaintiff Alleges Discrete Acts, Not a Continuing Violation

Plaintiff's Amended Complaint includes two distinct time periods involving allegations of conduct she identifies in support of her claims. Plaintiff first identifies a number of allegations concerning discrete events involving Mr. Rothenberg and other Scripps employees, of which she complained in 2022 resulting in an investigation and response with which she takes issue. Plaintiff alleges no coworker (or management) harassment after August 2022. (Doc. 17). Jump forward two years, and Plaintiff alleges she received emails from an unrelated third party viewer and that Scripps' responsive action of blocking any further emails was somehow insufficient. The third party emails

---

[2] Scripps recognizes that this matter is presently before the Court on a motion to dismiss and that some of the authorities cited in both its Memorandum and Reply arise in the summary judgment context. Those decisions nevertheless articulate the same governing legal standard, and because there is limited authority within the Sixth Circuit addressing this issue at the pleading stage, Scripps also cites persuasive decisions from other circuits resolving the issue on motions to dismiss.

3

received by Plaintiff in 2024 are not connected in any way to the alleged harassment/discriminatory actions by Scripps employees in 2022 and the substantial temporal gap between the two destroys any legitimate application of a continuing violation theory. Discrete acts do not become timely merely because Plaintiff now labels them part of a broader ongoing pattern. *Johnson v. Knox County*, No. 3:19-CV-179-KAC-DCP, 2022 WL 894601, at *4 (E.D. Tenn. Mar. 25, 2022).

Notably, Plaintiff cites *Johnson* in support of her argument that she has sufficiently alleged tolling under the continuing violation doctrine. However, *Johnson* is inapposite because the court there rejected application of the doctrine where the plaintiff's claims arose from "discrete, actionable event[s]" and emphasized that the doctrine "does not apply to discrete acts that are easily identifiable and individually actionable." *Id.* Plaintiff's reliance on *Hensley* and *Howell* is similarly misplaced. In *Hensley*, the Sixth Circuit rejected application of the continuing violation doctrine because "the damage was done" once the allegedly wrongful conduct was complete. *Hensley v. City of Columbus*, 557 F.3d 693, 698 (6th Cir. 2009). Likewise, *Howell* recognized that although "it may have been inconvenient . . . to bring [the] retaliation claim while the prosecution was in progress, . . . that is what the law requires," making clear that a plaintiff must timely challenge a discrete, actionable event when it occurs, even if related consequences continue afterward. *Howell v. Cox*, 758 F. App'x. 480, 485 (6th Cir. 2018). None of these authorities support Plaintiff's attempt to recast discrete, individually actionable events as a continuing violation.[3] Her hostile work environment and IIED claims remain time barred.

*B. Plaintiff's Own Allegations Foreclose Any Plausible Tolling Theory*

Plaintiff's own allegations likewise foreclose any plausible tolling theory. She alleges that by August 2022, she was aware of the alleged harassing/discriminatory conduct at issue, complained

---

[3] Additionally, Plaintiff attributes quotations to the *Howell, Ruth,* and *Farmer* cases that do not appear in the opinion themselves – apparently Plaintiff meant to cite to the *Johnson* case instead of *Howell*, *Mallory* instead of *Ruth*, and *Weigel*, instead of *Farmer*.

about it and disagreed with Scripps' responsive investigation and actions. She further alleges she was informed at that time of prior concerns regarding Mr. Rothenberg. (Doc. 17, ¶ 36). Thus, by Plaintiff's own account, she was aware of the alleged injury no later than August 2022, rendering tolling inapplicable. Fraudulent concealment and equitable tolling are narrowly applied[4] and applied only where a plaintiff, despite reasonable diligence, could not discover the existence of her claim. *Hill v. U.S. Dept. of Lab.*, 65 F.3d 1331, 1336-37 (6th Cir. 1995); *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Unlike the plaintiff in *Redwing*[5], who alleged concealed institutional knowledge unknown to him for decades, Plaintiff here affirmatively alleges that by August 2022 she knew management had received prior complaints regarding Mr. Rothenberg and allegedly failed to adequately address them.[6] (Doc. 17, ¶ 36). Those allegations establish contemporaneous awareness of both the alleged misconduct and Scripps' alleged involvement, defeating any plausible claim of concealment.

Plaintiff had a clear and sophisticated understanding of the conduct she believed caused her harm. Plaintiff even alleges she persistently challenged management decisions connected to the alleged misconduct. (Doc. 17, ¶ 32). Having admittedly recognized the conduct and opposed it internally, Plaintiff cannot now honestly claim she was unaware of her rights or prevented from timely pursuing them by Scripps. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 580 (6th Cir. 1992)("When an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not

---

[4] As the Supreme Court has stated, at some point "the right to be free of stale claims ... comes to prevail over the right to prosecute them." *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554 (1974).
[5] *Redwing v. Cath. Bishop for Diocese of Memphis* 363 S.W.3d 436 (Tenn. 2012).
[6] *Redwing* is also materially distinguishable based on the nature of the allegations and the policy concerns underlying the court's decision. That case involved allegations of sexual abuse of a minor likely warranting a more expansive equitable analysis. By contrast, this case involves workplace discrimination allegations by an adult employee who alleges contemporaneous awareness of the conduct at issue, internal complaints, and ongoing disagreement with Scripps' response.

5

toll the [limitations] period.")(internal citation and quotations omitted).

Nor do Plaintiff's allegations plausibly demonstrate Scripps had an ongoing policy or practice of discrimination/harassment against females so as to apply tolling or establish a continuing violation sufficient to salvage her otherwise time-barred claims. To do so, Plaintiff must allege facts demonstrating a longstanding, demonstrable policy or practice of discrimination directed toward the protected class of which she was a member, rather than isolated or discrete acts. *See Baar v. Jefferson Cnty. Bd. of Educ.*, 311 F. App'x. 817, 824 (6th Cir. 2009). Plaintiff has not done so. Instead, Plaintiff relies on allegations concerning statements Ms. Plantinga purportedly made in August 2022 regarding prior complaints involving Mr. Rothenberg. But Plaintiff overstates what her Amended Complaint actually alleges. The Amended Complaint alleges only that Ms. Plantinga described Mr. Rothenberg's conduct toward Plaintiff and another woman as "distressing and terrible," stated there were "opportunities that things could have been handled differently earlier," and referenced an instance in which Mr. Rothenberg sought the identity of another complainant.[7] (Doc. 17, ¶ 36). Plaintiff does not allege Scripps failed to address prior complaints or that Mr. Rothenberg interfered with any investigation. These allegations do not plausibly establish a continuing policy or practice of discrimination/harassment within the limitations period sufficient to invoke the continuing violation doctrine limitations period. Accordingly, Plaintiff's own allegations therefore undermine, rather than support, any basis for tolling or revival of untimely claims.

Further, Plaintiff's criticism that a Scripps employee, rather than a non-Scripps employee, conducted the investigation fares no better. Plaintiff cites no authority requiring employers to retain

---

[7] Plaintiff asserts in her response that Ms. Bonnett admitted that Scripps failed to respond to Mr. Rothenberg's attempts to interfere with a prior investigation, but Plaintiff's own allegations do not support that characterization. Rather, Plaintiff alleges only that *Ms. Plantinga* stated a prior complaint had been made against Mr. Rothenberg and he thereafter sought the identity of the complainant. Plaintiff does not allege that Scripps disclosed that information to him or that Scripps failed to respond to his alleged conduct.

independent third parties to investigate internal workplace complaints. Scripps' alleged assurance that it would investigate her complaint does not plausibly establish that Plaintiff was inducted to forgo filing an EEOC charge for 2.5 years. *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995)(equitable estoppel or fraudulent concealment only "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time . . . such as by hiding evidence or promising not to plead the statute of limitations.") (internal citation and quotations omitted). At most, Plaintiff alleges dissatisfaction with the adequacy of Scripps' 2022 investigation and response. But disagreement with an employer's handling of internal complaints does not constitute fraudulent concealment and does not toll the statute of limitations. *Belton v. City of Charlotte*, 175 F. App'x. 641, 654 (4th Cir. 2006)(finding the employer did not affirmatively prohibit the plaintiffs from pursuing their claims because a promise to investigate did not constitute deliberate deception and failure to provide updates did not qualify as affirmative misconduct).

In short, Plaintiff's own allegations establish she contemporaneously recognized the conduct she now challenges, complained about it internally, disputed Defendant's response to it, and continued advocating regarding the issue while employed. Those allegations are fundamentally incompatible with any theory that Defendant concealed her claims, prevented her from understanding her alleged injuries, or induced her to refrain from timely pursuing administrative remedies. Plaintiff's hostile work environment and IIED claims remain time barred.

## IV. PLAINTIFF FAILS TO STATE A HOSTILE WORK ENVIRONMENT/IIED CLAIM

Even if her claims were not time-barred, Plaintiff's allegations do not plausibly establish a hostile work environment or IIED claim. Plaintiff alleges a handful of inappropriate comments and workplace disagreements occurring prior to August 2022. She alleges no inappropriate comments, threats, or any other form of ongoing harassment after August 2022, and no sufficiently severe or pervasive conduct to alter the conditions of employment. (Doc. 17). Plaintiff improperly attempts to

7

convert dissatisfaction with management's internal investigation into independently actionable harassment. But Title VII does not weaponize every workplace dispute. *See Black v. Zaring Homes, Inc.,* 104 F.3d 822, 826 (6th Cir. 1997)("Title VII was "not designed to purge the workplace of vulgarity."). The fact remains, while Plaintiff may disagree with Scripps approach to responding to her complaint, Scripps' approach was effective as Plaintiff's Amended Complaint is completely void of any actual allegations of harassment after August 2022, resulting in Plaintiff working in a harassment free workplace for more than two years before she elected to resign. Plaintiff has simply failed to plead any actual facts suggesting she was subject to any harassment the last two years of her employment, let alone severe or pervasive harassment or conduct so outrageous as to support an IIED claim.[8]

Additionally, Plaintiff's allegations defeat employer liability. Plaintiff alleges Scripps investigated her complaint, addressed the conduct, and issued corrective action to Mr. Rothenberg. Critically, Plaintiff identifies no further harassment by Rothenberg after Scripps intervened. (Doc. 17). Plaintiff's allegations therefore establish that Scripps' response was effective. Her disagreement with the outcome does not create employer liability. *See Stalnaker v. KMart Corp.,* 950 F. Supp. 1091, 1096 (D. Kan. 1996)("Although plaintiff objects to the scope of the inquiry and the severity of the sanctions, she concedes that she endured no further harassment . . . after reporting her allegations. . .").[9] Plaintiff's hostile work environment and IIED claims are subject to dismissal.

## V. PLAINTIFF FAILS TO STATE A CONSTRUCTIVE DISCHARGE CLAIM

Plaintiff's constructive discharge claim fails because her alleged working conditions, at the time of her resignation, were not objectively intolerable. Plaintiff does not allege a demotion, reduction in

---

[8] Plaintiff makes clear in her response that her IIED claim is based upon Mr. Rothenberg's conduct, which falls far short of the "outrageous" standard required of such claims.
[9] Although this case arises at the summary judgment stage, the underlying proposition remains applicable here, particularly because, by Plaintiff's own allegations rather than facts purportedly uncovered through discovery, the alleged harassment ceased after she reported her concerns.

8

pay, threat of termination, or ultimatum. She does not even allege she was subject to any specific acts of discrimination, retaliation or harassing conduct during the two years leading up to her resignation. Instead, she alleges dissatisfaction with Scripps' response to her internal complaint in 2022 and that Scripps should have done more than block the emails coming from a third party viewer in late 2024. (Doc. 24). These allegations are insufficient as a matter of law to establish constructive discharge. *See Webster v. Town of Warsaw,* 66 F. Supp. 3d 706, 709-10 (E.D.N.C. 2014)(granting motion to dismiss where employee's dissatisfaction with employer's response to complaints did not render conditions objectively intolerable for constructive discharge).

Plaintiff's own chronology clearly defeats her claim. The alleged harassment of Plaintiff ended in 2022, yet she remained employed until January 2025 when she declined to renew her contract. A reasonable employee does not continue working more than two years after alleged harassment ceased only to later claim conditions were objectively intolerable. *Coffey v. Chattanooga-Hamilton Cnty. Hosp. Auth.,* 194 F.3d 1311 (6th Cir. 1999)(holding that a seven-month gap between employee's resignation and alleged workplace harassment "rebuts any inference that [the employee] felt compelled to resign because of the alleged harassment. . .and defeats his claim of constructive discharge.")

Moreover, Plaintiff's argument that she exhausted her administrative remedy because her constructive discharge grows out of her charge is unavailing. Plaintiff's EEOC charge is clear and does not assert constructive discharge or allege that she was forced to resign. Plaintiff's mere reference to her "departure" does not exhaust a constructive discharge claim. *Davenport v. Edward D. Jones & Co., L.P.,* 891 F.3d 162, 168 (5th Cir. 2018)(upholding dismissal of a claim for lack of exhaustion when plaintiff failed to allege in her charge why she was leaving her employment and failed to include facts in her charge that she endured severe or pervasive harassment that would have compelled a reasonable employee to resign). Nor could such a claim reasonably grow out of the charge where Plaintiff expressly identified December 1, 2024, as the last date the alleged discrimination occurred, yet did not

9

decline renewal of her contract until January 2025. (Doc. 21-2). A constructive discharge claim necessarily depends on allegations that working conditions became so intolerable that the employee was compelled to resign, but the charge contains no allegation that Plaintiff was forced to leave or that any discriminatory conduct continued through the time she chose not to renew her contract. (*Id.*). Because the charge failed to place either Scripps or the EEOC on notice of a constructive discharge theory, that claim should be dismissed.

## VI. PLAINTIFF MISCHARACTERIZES DEFENDANT'S RULE 12 ARGUMENTS

Plaintiff repeatedly argues that Scripps improperly seeks summary judgment at the pleading stage. That is incorrect. Scripps does not ask the Court to weigh evidence or resolve factual disputes. Scripps argues only that Plaintiff's allegations, even accepted as true, do not plausibly satisfy the elements of her claims. (Doc. 21). Plaintiff repeatedly suggests discovery may uncover additional wrongdoing. But Rule 8 requires plausible allegations now, not speculation that supporting facts might later emerge. *16630 Southfield Ltd. Partn. v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 504 (6th Cir. 2013)(holding Rule 8 "prevents plaintiffs from launching a case into discovery" when there is no reasonable likelihood that they can construct a claim from the allegations asserted in the complaint).

## VII. CONCLUSION

Plaintiff's response to Scripp's Motion to Dismiss Plaintiff's Amended Complaint confirms that her claims are untimely, disconnected, and implausible. Because Plaintiff still fails to identify a timely actionable employment practice, and because her allegations do not plausibly establish a hostile work environment, retaliation, IIED constructive discharge, or tolling, Defendant respectfully requests that the Court grant the Motion to Dismiss in full.

Date: May 20, 2026                                      Respectfully submitted,

                                                        *s/Rachael Rustmann*
                                                        Mary Dohner Smith, TN BPR #021451
                                                        mdohner@constangy.com
                                                        Rachael Rustmann, TN BPR #037432
                                                        rrustmann@constangy.com
                                                        Constangy, Brooks, Smith & Prophete, LLP
                                                        Highland Ridge 2
                                                        555 Marriott Drive, Suite 315
                                                        Nashville, TN 37214
                                                        Phone: (615) 340-3804

                                                        *Attorneys for Defendant Scripps Media, Inc. d/b/a*
                                                        *WTVF News Channel 5*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of May 2026, I electronically filed the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS with the Clerk of Court, which will send electronic notification of such filing to the following:

John T. Spragens
john@spragenslaw.com
David O. Kieley
dave@spragenslaw.com
Spragens Law PLC
915 Rep. John Lewis Way South
Suite 100
Nashville, TN 37203
(615) 983-8900

*s/ Rachael Rustmann*
Rachael Rustmann

11