# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| Bree Smith Friedrichs, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:25-cv-01494 |
| | ) Judge Richardson |
| Scripps Media, Inc. d/b/a/ WTVF | ) Magistrate Judge Holmes[1] |
| News Channel 5, | ) |
| | ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on May 19, 2026. Counsel participating

were: David Kieley for Plaintiff and Mary Dohner Smith and Rachael Rustmann for Defendant.

From the parties' proposed initial case management order (Docket No. 25) and discussion during

the initial case management conference, the following case management schedule and plan is

adopted.

As a preliminary matter, the Court reminds the parties and their attorneys that all attorneys

of record and attorneys who otherwise participate on behalf of a party in this case must familiarize

---

[1] The Magistrate Judge notes that the parties, in their joint proposed initial case management order, refer to the undersigned as "Magistrate Holmes". Since 1991, the proper title is "Magistrate Judge." If counsel wish to shorten the title, normally it is shortened to "Judge" and not "Magistrate." As an esteemed former colleague, Magistrate Judge Joe Brown admonished, "[o]ne does not refer to a Bankruptcy Judge as 'Bankruptcy', nor if one were in the military would one refer to a Lt. Colonel as 'Lieutenant.'" *Meyer v Smith & Nephew, Inc.*, No. 3:11-0402, 2012 WL 4049970, at *1 n.2 (M.D. Tenn. Sept. 13, 2012). Judge Brown was also heard to expand this reference to include that one would not refer to a Rear Admiral as "Rear." The parties should refer to Magistrate Judges in this Court as "Magistrate Judge" or "Judge".

themselves with and follow the case management procedures and instructions detailed in the Court's Notice and Order issued on May 11, 2026. (Docket No. 22.)

A.     **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1367(a).

B.     **BRIEF THEORIES OF THE PARTIES:**

1)     **PLAINTIFF**:  The Plaintiff Bree Friedrichs ("Plaintiff" or "Ms. Friedrichs") alleges that during her 2016-to-2025 employment with Defendant NewsChannel 5, Defendant subjected her and other women employees to a continuing policy, pattern, and practice of gender-based discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA"); and Tennessee common law.

Plaintiff alleges that male coworker Henry Rothenberg was permitted to direct discriminatory language toward women and undermine Ms. Friedrichs' supervision despite numerous complaint to management; that Rothenberg and other male employees were permitted to be late or absent without explanation (including sleeping through scheduled broadcasts), unable to operate essential equipment, and/or perform core job duties, requiring Ms. Friedrichs and other women to work longer, unscheduled hours to cover the shortfalls; and that Defendant's managerial staff held women—but not men—to unequal and distressing standards in terms of their physical appearance.

When Ms. Friedrichs repeatedly reported sex-based discrimination to her supervisors in compliance with Defendant's anti-harassment policy, Defendant's managerial staff acted in concert to fraudulently conceal the company's own discriminatory actions; failed to discipline, and in fact rewarded, discriminatory behavior; discouraged Ms. Friedrichs and other women from

2

reporting harassment internally or externally; and failed to investigate threatening, sexually offensive internet conduct directed at Ms. Friedrichs. Defendant retaliated against Ms. Friedrichs by reducing her supervisory responsibilities and imposing limitations on her out-of-office work hours without justification. Eventually, Ms. Friedrichs' physician to recommend she take disability leave to counter the depression, anxiety, and insomnia caused by the discriminatory work environment at NewsChannel 5, and she felt no choice but to resign. Ms. Friedrichs alleges that Defendant's actions constituted intentional discrimination, retaliation, hostile work environment, constructie discharge, and the intentional infliction of emotional distress.

### 2) DEFENDANT:

Plaintiff's untimely claims are based on exaggerated and legally insufficient allegations about workplace events that were investigated and addressed by the company years before her resignation. When Plaintiff complained in 2022 about allegedly inappropriate comments by a male colleague and other various workplace issues, the company promptly investigated the allegations under its anti-harassment policies and issued corrective action. The effectiveness of that response is demonstrated by Plaintiff's inability to identify any further misconduct by that colleague after the investigation, despite continuing to work for nearly two additional years. Plaintiff's complaints regarding scheduling duties, workload, reporting requirements, and management decisions amount to ordinary workplace disputes rather than objectively intolerable working conditions and are likewise time-barred. Plaintiff was never demoted, threatened with termination, forced to resign, or given an ultimatum, but instead voluntarily chose not to renew her contract based upon her subjective determination that Defendant did not do enough to respond to emails received from a third party viewer regarding "deepfake" photos of her on social media when Defendant blocked any further emails from the third party viewer.

3

Plaintiff's subjective dissatisfaction with Defendant's responses to her workplace grievances cannot plausibly support her untimely claims, which are subject to dismissal.

**C.**        **ISSUES RESOLVED:** Jurisdiction and venue.

**D.**        **ISSUES STILL IN DISPUTE:** Liability and damages.

**E.**        **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1), which must include copies (not descriptions) of responsive documents on or before **June 5, 2026.**

**F.**        **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a **minimum of two independent, substantive** attempts at resolution. By no later than **October 9, 2026**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties' second attempt must be by mediation, which must be concluded by no later than **June 25, 2027**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **June 4, 2027**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled. A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **two (2) business days**

4

**following mediation**. The parties may participate in additional mediation by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

G.      **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **February 19, 2027**. Written discovery and scheduling of depositions must proceed promptly.

Discovery is not stayed during dispositive motions, unless ordered by the court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement

and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions must be filed by no later than **February 5, 2027**, unless otherwise permitted by the Court. In connection with any discovery dispute, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H. MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties must be filed by no later than **August 6, 2026**, and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

**I. DISCLOSURE AND DEPOSITIONS OF EXPERTS**: The plaintiff must identify and disclose all expert witnesses and expert reports on or before **March 5, 2027**. The

defendants must identify and disclose all expert witnesses and reports on or before **May 28, 2027**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **July 30, 2027**.

**J.** **ANOTHER CASE MANAGEMENT CONFERENCE.** The Court does not set additional case management conferences or require the parties to file status reports as a matter of course in civil actions. The parties and their counsel are reminded of their responsibility to prepare this case according to the schedule set by this order. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties must also state whether they request an in-person or telephonic case management conference.

**K.** **DISPOSITIVE MOTIONS: <u>Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01.</u>** Motions for summary judgment and all other dispositive motions must be filed by no later than **August 20, 2027**. Responses to dispositive motions must be filed **within 28 days** after the filing of the motion.

7

Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion must first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

Before filing or responding to a summary judgment motion, attorneys are required to read Local Rule 56.01 generally and specifically Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F.Supp. 3d (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and responses to ensure that it is a narrow statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

**L.** **ELECTRONIC DISCOVERY:** The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M.** **MODIFICATION OF CASE MANAGEMENT ORDER**: Any motion to modify the case management order or any case management deadline must be filed **at least seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed

the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The parties expect the **JURY** trial of this action to last **approximately seven (7) days**.[2] The parties respectfully request a trial date be set no earlier than **February 1, 2028**. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.

9